Tuesday, 23 September, 2014  04:55:00 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
ENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| BRANDON R. SHAW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | Case No. 14-CV-2022 |
| | ) | |
| MICHAEL LEMKE, Warden, | ) | |
| Stateville Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

On February 10, 2014, Petitioner Brandon R. Shaw filed his Petition for Writ of Habeas Corpus By a Person in State Custody Pursuant to 28 U.S.C. § 2254 (#1). Petitioner alleged numerous grounds for relief, claiming that his constitutional rights had been violated. Petitioner also attached many pages of documents to his Petition. In addition, Petitioner filed a Motion for Appointment of Counsel (#9) on July 17, 2014. Respondent, Michael Lemke, Warden of Stateville Correctional Center, filed a Motion to Dismiss (#6) on July 1, 2014. For the following reasons, Respondent's Motion to Dismiss (#6) is GRANTED and Petitioner's Petition (#1) is dismissed.

## FACTS

On July 8, 2009, Petitioner was found guilty of first degree murder following a jury trial. On October 29, 2009, Petitioner's motion for new trial was denied and he was sentenced to 55 years in the Illinois Department of Corrections to be followed by a three-year period of Mandatory Supervised Release (judgment filed on October 30, 2009). On November 30, 2009, Petitioner filed a second motion for reduction of sentence, which was denied on January 6, 2010.

On January 7, 2010, Petitioner filed a notice of appeal, and Petitioner's conviction was affirmed on appeal.

On March 28, 2012, the Illinois Supreme Court denied Petitioner's direct-appeal PLA. On November 13, 2012, Petitioner filed a petition for postconviction relief, which was dismissed by the circuit court on January 12, 2013. Petitioner filed the instant Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (#1) on February 10, 2014. In this Petition, Petitioner raises two claims. First, he alleges that he was denied due process because the jury was not instructed on self-defense alone, although they were instructed on self-defense as it applies to second degree murder. Second, Petitioner alleges ineffective assistance of counsel because Petitioner's counsel advised Petitioner to reject a plea bargain of 30 years, which resulted in the sentence of 55 years following a jury trial.

## ANALYSIS

Statute of Limitations

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A Section 2254 petition has a one year statute of limitations. According to 28 U.S.C. § 2244(d):

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d).

This court concludes, following careful review of Petitioner's Petition and the attached documents, that the Petition is untimely under § 2244(d). Here, the Illinois Supreme Court denied Petitioner's PLA on March 28, 2012. Petitioner did not attempt to file a writ of certiorari to the United States Supreme Court, therefore Petitioner's time for seeking direct review ended – and § 2244's limitations period began to run under § 2244(d)(1)(A)—ninety days later on June 26, 2012. The days that lapsed from June 26, 2012, until November 13, 2012, the day Petitioner filed his state postconviction petition, are counted against the statute of limitations. 28 U.S.C. § 2244(d)(1)(A). Thus, before the filing of the postconviction petition, 140 days had been counted against the one year statute of limitations.

Next, the court must determine when the properly filed postconviction petition was no longer "pending" under 28 U.S.C. § 2244(d)(2). Once the petition is no longer pending for purposes of § 2244(d)(2), the days count against the statute of limitations. The postconviction petition was filed on November 13, 2012, tolling § 2244(d)'s limitations period with 225 days remaining. Petitioner's postconviction petition was dismissed by the circuit court on January 12, 2013. Petitioner failed to file any timely notice of appeal from the circuit court denial of his postconviction petition. He filed a motion for leave to file a late notice of appeal, which the Illinois appellate court denied. "The issue of whether a postconviction petition is pending for habeas purposes is governed by state law." *Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002). "In Illinois, the case law is quite clear that the judgment of an Illinois court of review is final on the day it is entered." *Wilson*, 302 F.3d at 747. Therefore, judgment on the postconviction petition is final and the petition is no longer "pending" for purposes of § 2244(d)(2) once the judgment is entered, unless a petitioner files a motion for rehearing that is later *granted* by the court of review. *Wilson* 302 F.3d at 747-48; *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006). Here, Petitioner did not even file a timely notice of appeal to the appellate court, and thus judgment became final on January 12, 2013, when the circuit court dismissed Petitioner's postconviction petition. Petitioner did not file the instant § 2254 Petition until February 10, 2014 (or January 26, 2014, based on the date Petitioner put in the Petition). Therefore, more than 365 days elapsed between the circuit court dismissal and the filing of the § 2254 Petition are counted against the limitations period. Added to the 140 days already counted, well more than enough time elapsed between the time when Petitioner's state court judgment was final and the filing of the habeas petition to exceed the one year limitation provision and makes his Petition untimely. 28 U.S.C. § 2244(d)(1).

Further, as noted by Respondent, § 2244(d)(1)(C)'s provision concerning a newly recognized right by the U.S. Supreme Court would not apply to toll the statute of limitations. Per his Petition, Petitioner is relying on the Court's decision in *Lafler v. Cooper*, 132 S.Ct. 1376 (2012) for his claim of ineffective assistance of counsel in regard to the rejected plea bargain. *Lafler*, however, was issued by the Court on March 21, 2012, more than three months before the conclusion of the direct review period (June 26, 2012) and thus would not act to toll the limitations period under § 2244(d). Further, Petitioner has made no argument for equitable tolling, a principle that is rarely if ever applied in habeas cases and is only applied when a petitioner demonstrates (1) that extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his petition and (2) that he has diligently pursued his claim, despite the obstacle. *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). Petitioner has not made such a showing. Nor has he shown actual innocence. Therefore, Respondent's Motion to Dismiss (#6) is GRANTED.

Appointment of Counsel

Petitioner has also filed a Motion for Appointment of Counsel (#9). Petitioner argues that he was sentenced to serve 55years because Petitioner's counsel advised Petitioner to reject a plea bargain of 30 years. The court finds that Petitioner's motion should be denied. In a habeas case, private counsel may be appointed for a financially eligible person whenever the court determines that te interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B); *Johnson v. Chandler*, 487 F.3d 1037, 1038 (7th Cir. 2007). The decision on whether to appoint counsel is up to the sound discretion of the court in all but the most extraordinary of circumstances. *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). "In exercising its discretion, the district court should consider

the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). "Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." *Hoggard*, 29 F.3d at 471.

Here, having examined he issues presented by Petitioner and the state court record, the court believes the issues can be properly resolved on the basis of that record. The nature of Petitioner's Petition and subsequent supporting briefs and motions demonstrate that Petitioner is able to satisfactorily investigate and present Petitioner's claims. Petitioner's Motion for Appointment of Counsel (#9) is denied.

## **CERTIFICATE OF APPEALABILITY**

In *Slack v. McDaniel*, the United States Supreme Court held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

Here, it is clear that Petitioner's habeas petition was filed following the expiration of the one-year limitations period provided by 28 U.S.C. §2244(d)(1). The fact that the petition was filed well more than a year after the one-year period had run would not allow any reasonable

jurist to conclude that the court has erred in dismissing the petition as time barred.  Therefore, a certificate of appealability is denied.

IT IS THEREFORE ORDERED THAT:

(1)  Respondent's Motion to Dismiss (#6) is GRANTED.

(2)  Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus By a Person in State Custody (#1) is DISMISSED with prejudice.

(3) Petitioner's Motion to Appoint Counsel (#9) is DENIED.

(4)  Petitioner's request for a Certificate of Appealability is DENIED.

ENTERED this 23rd day of September, 2014

s/ COLIN S. BRUCE
U.S. DISTRICT JUDGE